IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CARRIE M. WARD, *et al.*,

    Plaintiffs,

v.    Case No.: GJH-17-0553

MICHELLE R. KANE,

    Defendant.

## MEMORANDUM OPINION

Carrie M. Ward, as Substitute Trustee, and the BWW Law Group LLC ("Plaintiffs") filed a foreclosure action against Defendant Michelle R. Kane in the Circuit Court for Prince George's County, Maryland on November 1, 2016. ECF No. 1-2 at 1.[1] Defendant Kane removed to this Court on February 24, 2017. ECF No. 1. Now pending before the Court is Plaintiffs' Motion to Remand to State Court, ECF No. 15, Defendant's Emergency Motion for an Extension of Time, ECF No. 21, Defendant's Motion for Leave to Amend Motion Regarding Removal from Circuit Court to District Court, ECF No. 22, Defendant's Emergency First Amended Motion for Temporary Restraining Order, ECF No. 23, and Plaintiffs' Motion to Stay Determination of Defendant's Motions and for Other Relief, ECF No. 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion to Remand is granted, in part, and denied, in part, Plaintiffs' Motion to Stay is denied as moot, and Defendant's Motions are denied. The action is remanded but the request for attorneys' fees is denied.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## I. BACKGROUND

On January 17, 2008, Defendant Michelle Kane borrowed $239,540.00 to purchase the property located at 1009 Carrington Avenue, Capitol Heights, Maryland 20743 (the "Property"). ECF No. 15 at 3. This mortgage loan was evidenced by a promissory note, which was secured by a Deed of Trust. *Id.* Following Defendant's default on her payment obligations, the secured party appointed Plaintiffs as Substitute Trustees. *Id.* The Substitute Trustees docketed a foreclosure action against the Property in the Circuit Court for Prince George's County on November 1, 2016. *Id.* (*Ward v. Kane*, Case No. CAEF16-40119 (the "Foreclosure Action")). ECF No. 15-3 at 1.[2] Defendant moved to stay and dismiss Plaintiffs' Complaint "pursuant to [M]d rule 14-211" on November 29, 2016. ECF No. 15-2 at 2. She removed the action to this Court on February 24, 2017. ECF No. 1. As grounds for removal, Defendant alleged that "Plaintiffs are 'Debt Collectors' as defined by [the Fair Debt Collection Practices Act] 15 U.S.C. § 1692a," and "Defendant alleges Plaintiff[s] violated Defendant's rights as defined by 15 U.S.C. § 1692e(10) . . ." ECF No. 1 at 3; ECF No. 1-2 at 31. Thus, Defendant asserts, "the state Court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because . . . Defendant's cross-complaint for FDCPA violations is an action to enforce Plaintiffs' liability created by violations of Defendant's rights under FDCPA." ECF No. 1-2 at 32.

Plaintiffs move to remand the action back to State court and also request attorney's fees for "improper removal." ECF No. 15. Defendant Kane has also filed a number of Motions, including an Emergency Motion for an Extension of Time to file Federal Claims, ECF No. 21, Motion for Leave to Amend Motion Regarding Removal from Circuit Court to District Court,

---

[2] The Court takes judicial notice of the content of State court records pursuant to Fed. R. Evid. 201(b)(2). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

2

ECF No. 22, and an Emergency First Amended Motion for Temporary Restraining Order, ECF No. 23. However, because the Court does not have subject matter jurisdiction over this action, it must grant Plaintiffs' Motion to Remand and deny Defendant's Motions. Plaintiffs' Motion to Stay is now moot.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Thus, "a defendant in a state civil action may remove the case to federal district court, provided that the district court would have had original jurisdiction had the action been filed there in the first instance." *Kelly v. JP Morgan Chase Bank, Nat'l Ass'n*, No. CV TDC-15-1115, 2015 WL 9183428, at *1 (D. Md. Dec. 17, 2015) (citing 28 U.S.C. § 1441(a)). The burden of demonstrating the propriety of removal falls on the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). On a motion to remand, as here, the Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court" — consistent with federal courts' reluctance "to interfere with matters properly before a state court." *Rizwan v. Lender Servs. Inc.*, 176 F. Supp. 3d 513, 515 (D. Md. 2016) (citing *Barbour v. Int'l Union*, 640 F.3d 599, 615 (4th Cir. 2011), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B)).

"Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States." *Dean v. Navy Fed. Credit Union*, RDB 09-1989, 2009 WL 3817587, at *5 (D. Md. Nov. 12, 2009) (citing U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a)). The

3

determination of subject-matter jurisdiction is a threshold inquiry the Court must address before proceeding to the merits of a claim. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Because subject-matter jurisdiction "involves a court's power to hear a case," it "can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Thus, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*

### III.   ANALYSIS

Here, Defendant provides in her Notice of Removal, as grounds for removal, her "cross-complaint" under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ECF No. 1-2 at 31–32.[3] However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "a case does not become removable simply because the defendant in the state proceeding raises a federal counterclaim or federal defense." *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)). Indeed, recent cases in this jurisdiction "have made clear that a counterclaim filed against a Plaintiff bringing a foreclosure suit in state court is not removable." *Rizwan v. Lender Servs. Inc.*, 176 F. Supp. 3d 513, 515 (D. Md. 2016); *Wittstadt v. Reyes*, 113 F. Supp. 3d 804, 806 (D. Md. 2015); *Cohn v. Charles*, 857 F. Supp. 2d 544, 548 (D. Md. 2012). The original foreclosure proceeding is not removable, nor does it become removable when the defendant asserts federally-based counterclaims. *Wittstadt*, 113 F. Supp. 3d at 806 (remanding foreclosure action

---

[3] No argument has been made regarding diversity jurisdiction, and the pleadings appear to indicate that all parties are citizens of Maryland. *See* ECF No. 22 at 1; ECF No. 23 at 1.

4

back to state court and noting that "[a] federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds.").

In this case, the Substitute Trustees filed an Order to Docket a foreclosure action in the Circuit Court for Prince George's County, Maryland. *See* ECF No. 15-3 at 1. There is no federal question presented by the Order to Docket or the accompanying papers filed by Plaintiffs in state court. *See Jacob v. Hinds*, No. CIV.A DKC 10-2103, 2010 WL 3782008, at *2 (D. Md. Sept. 23, 2010) (noting no federal question in "order to docket foreclosure" and finding removal to federal court improper). Just as in *Jacob*, "[t]o the contrary, the pleading [in state court] cites various provisions under the Real Property Article of the Annotated Code of Maryland and the Maryland Rules as grounds for the foreclosure action." *Id.*; ECF No. 15-3 at 1–2. Thus, Defendant's removal cannot be sustained in this Court on the basis of federal question jurisdiction. *See Jacob*, 2010 WL 3782008, at *2. To the extent that Defendant requests more time "to file federal claims," ECF No. 21, such action would be futile for the reasons stated above. Additionally, Defendant's Motion for an Extension was filed after the time to do so had expired, and she has not demonstrated "excusable neglect" under Fed. R. Civ. P. 6(b).[4]

Having determined that remand is appropriate, the Court considers Plaintiffs' additional request to award attorneys' fees and other costs incurred as a result of the removal. ECF No. 15 at 11; *see* 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be

---

[4] "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)." Pursuant to Loc. R. 105(2)(a), all memoranda in opposition to a motion shall be filed within fourteen (14) days after service of the motion. Here, Plaintiffs' Motion to Remand was filed on March 13, 2017. ECF No. 15. Defendant did not file her Motions until April 5, 2017. ECF Nos. 21, 22, and 23.

5

denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court does not find that the removal was objectively unreasonable. *See Cohn v. Charles*, 857 F. Supp. 2d 544, 548 (D. Md. 2012) (declining to award attorneys' fees because "the problematic nature of adjudicating a foreclosure governed by state law together with a mortgagor's federally-based counterclaim's against a mortgagee" makes the "state of remand law murky"). Thus, the Court will not award attorneys' fees in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is granted, in part, and denied, in part. The action is remanded to the Circuit Court for Prince George's County, Maryland, but Plaintiffs' request for attorneys' fees is denied. Plaintiffs' Motion to Stay Determination of Defendant's Motions and for Other Relief is denied as moot. Defendant's Motions are denied. A separate Order shall issue.

Date: April 21, 2017

GEORGE J. HAZEL
United States District Judge